# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DANIEL GABINO MARTINEZ and**
**STEPHANY HALENE MARTINEZ,**

Plaintiffs-Appellants,

v.                                                          **NO. 29,040**

**DORDANE MASSERI and WELLS FARGO**
**BANK,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Daniel Gabino Martinez
Stephany Halene Martinez
Santa Fe, NM

Pro Se Appellants

Moses, Dunn, Farmer & Tuthill PC
Alicia L. Gutierrez
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Daniel Gabino Martinez and Stephany Halene Martinez (Plaintiffs) appeal from

the district court's order granting the motion for summary judgment in favor of

Dordane Masseri (Nasseri) and Wells Fargo Bank, N.A. (Defendants) and denying the parties' motions to strike. [RP 231] On appeal, Plaintiffs contend that the district court erred in granting Defendants' motion for summary judgment and in denying their motion to strike. The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Plaintiffs have filed a memorandum in opposition. [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

**<u>Issues on Appeal:</u>** Plaintiffs contend that the district court erred in granting Defendants' motion for summary judgment for the following reasons: (1) the district court applied the wrong standard of review because material issues of fact remain for trial [DS 6-8]; (2) the district court failed to state the factual allegations relied upon in granting summary judgment [DS 9-10]; (3) the district court erred in refusing to grant Plaintiffs' motion to strike on the basis that the "alleged judgment creditor has no rights to execute and levy to enforce a foreign judgment absent registration and domestication by a New Mexico district court" [DS 10]; (4) the district court erred in not allowing Plaintiffs' exhibits to be admitted since they establish that material issues of fact remain, making summary judgment inappropriate [DS 10]; and (5) absent the undomesticated foreign judgment against Plaintiffs, there is no evidence to warrant summary judgment in favor of Defendants [DS 11]. We have considered Plaintiffs'

contentions in the docketing statement and the memorandum. For the reasons discussed below, we affirm the district court's order granting Defendants' motion for summary judgment and the order denying the motion strike.

**1.     The Correct Standard of Review (Issue 1).** "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* "Where reasonable minds will not differ as to an issue of material fact, the court may properly grant summary judgment." *Id.* As we discuss below, our review of the record indicates that no material issues of fact remain requiring a trial and Defendants are entitled to summary judgment as a matter of law. Therefore, we hold that the district court did not apply the wrong standard of review in the order granting summary judgment to Defendants.

**2.     No Material Factual Issues Remain and Defendants Are Entitled to Summary Judgment as a Matter of Law (Issues 2, 4, 5).** The motion for summary judgment against Plaintiffs was granted based on the following undisputed facts: (1) Plaintiffs opened jointly owned bank accounts at Defendant bank [RP 25, ¶¶ 3-6]; (2) as of February 7, 2008, Plaintiffs' bank accounts held $44,929.45 [RP 26, ¶ 11]; (3)

on February 7, 2008, Defendant bank was served with a writ of garnishment issued by the United States District Court for the district of New Mexico against the property of Plaintiff Daniel Gabino Martinez [RP 25, ¶ 7, Exhibit A, RP 33]; (4) Defendant bank filed an answer to the writ informing the federal district court that it held the funds in Plaintiffs' bank accounts [RP 26, ¶ 12]; (5) Plaintiffs did not respond to the writ of garnishment, object to it, or file a claim of exemption [RP 26, ¶ 13, Exhibit B, RP 36]; (6) the order of garnishment was entered on March 6, 2008 [RP 27, ¶ 14, Exhibit C, RP 43]; (7) the order of garnishment ordered Defendant bank to pay the funds in Plaintiffs' bank accounts to the United States [RP 44], and Defendant bank did so [RP 27, ¶ 15]. Plaintiffs then filed their complaint for money due against Defendants, asserting that they were wrongfully denied the funds in the bank accounts [RP 27, ¶¶ 15-16].

Plaintiffs' complaint, their response to the motion for summary judgment, and their docketing statement contend that Defendants, the bank manager and the bank, wrongfully refused them possession and enjoyment of the funds in their bank accounts held at Defendant bank. [RP 1, RP 74, ¶ 4, DS] Although not denying the existence or validity of the federal order of garnishment against Plaintiffs, Plaintiffs contend that Defendants have failed to properly execute and levy to enforce the order of garnishment, which was issued in federal district court and is therefore a foreign

4

judgment that is required to be domesticated in New Mexico district court in order to be enforced or levied upon. [RP 76-78, ¶¶ 10-15] In addition, on appeal Plaintiffs contend that the district court erred in failing to enumerate the facts relied upon in the order granting summary judgment and erred in refusing to find that Plaintiffs' exhibits create material issues of fact.

First, the district court did not err in failing to enumerate the facts relied upon in granting the motion for summary judgment. As we discussed in the calendar notice, the facts relied upon consist of the undisputed facts enumerated in Defendants' motion for summary judgment as entitling Defendants to summary judgment, with which the district court agreed in granting the motion. Second, Plaintiffs' exhibits, consisting of Plaintiffs' requests for lists of foreign judgments against them and the State district court clerks' negative responses thereto do not create a material issue of fact with regard to the undisputed existence of an order of garnishment issued by the United States District Court for the District of New Mexico based on a judgment in favor of the United States against Plaintiffs in *United States v. Martinez*, Case No. 6:06-cv-01146-PJK-LFG, served upon Defendant bank and Defendant branch manager, and requiring Defendant bank to comply therewith by turning over Plaintiffs' funds to the United States.

Third, while Plaintiffs rely on Defendants' alleged failure to comply with the

domestication of foreign judgments statute, citing NMSA 1978, Section 39-4A-3 (1994), they ignore New Mexico's law requiring New Mexico's courts to take judicial notice of the judicial proceedings of the United States and New Mexico's garnishment statutes. Rule 1-044(A)(3) NMRA requires the courts of New Mexico to take judicial notice of the public and private official acts of the judicial departments of the United States. In this case, the judgment against Plaintiff in *Martinez*, the writ of garnishment, and the order of garnishment relating thereto, which are attached to Defendants' motion for summary judgment as Exhibits A and C [RP 33, 43], are official acts of the judicial departments of the United States, of which the first judicial district court of New Mexico is required to take judicial notice. As such, domestication of the federal judgment against Plaintiffs in *Martinez* is unnecessary as a matter of law. To the extent that in the memorandum Plaintiffs continue to raise the same arguments to dispute that this legal analysis is correct, we are not persuaded. *See, e.g.*, *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Moreover, as Defendants point out, in focusing on Defendants' alleged failure to domesticate the federal judgment, Plaintiffs fail to recognize that New Mexico garnishment law provides the method for collecting on federal judgments and makes

it unlawful for the garnishee, in this case Defendants, not to comply with the order of garnishment. *See* NMSA 1978, § 35-12-3 (1969). Pursuant to New Mexico garnishment law, in holding assets belonging to a judgment debtor, in this case Plaintiffs, Defendants were required to comply with the order of garnishment and pay the Plaintiffs' funds in the bank accounts to the United States. As a matter of law, Defendants are not liable to Plaintiffs for doing so in accordance with the law. To the extent that Plaintiffs continue to deny the validity of these legal principles in the memorandum, we are not persuaded.

Finally, while Plaintiffs continue, incorrectly, to contend that the judgment in *Martinez* was required to be domesticated to be enforced, as Defendants point out, Plaintiffs do not otherwise contest the existence or validity of the federal judgment, writ, and order of garnishment. [RP 59] Exhibit B of the motion for summary judgment, which is the docket sheet for *Martinez*, indicates that Plaintiffs did not object to the writ of garnishment or claim any exemption to it and that the order of garnishment was entered upon the writ. [RP 59, Exhibit B, RP 36]

As such, we remain persuaded that there are no issues of material fact requiring a trial and that Defendants are entitled to judgment as a matter of law. We therefore affirm the district court's order granting summary judgment to Defendants.

**3.     The District Court Did Not Err in Denying Plaintiffs' Motion to Strike**

**(Issue 3).** Plaintiffs also contend that the district court erred in denying their motion to strike. [RP 164-71] Plaintiffs moved to strike Defendants' affirmative defense to the complaint, which states that Plaintiffs' funds in the bank accounts were lawfully transferred to the United States pursuant to the writ and order of garnishment entered upon the federal judgment in *Martinez*. [RP 10, ¶ 14] In their motion to strike, Plaintiffs argued that Defendants failed to properly enforce a foreign judgment by domesticating it and, therefore, Defendants had no right to levy upon the order of garnishment. [RP 164-71] These are the same arguments that Plaintiffs raise in the response to the motion for summary judgment. [RP 73-79] Defendants' response to the motion to strike makes the same points that Defendants make in their motion for summary judgment and their reply to Plaintiffs' response to the motion for summary judgment. [RP 172-75] We have already discussed why Plaintiffs' contentions do not entitle Plaintiffs to relief as a matter of law.

Accordingly, we affirm the district court's decision to deny Plaintiffs' motion to strike.

**CONCLUSION**

We affirm the district court's order granting Defendants' motion for summary judgment and denying Plaintiffs' motion to strike. [RP 231]

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**